# Exhibit A

**Granted with Modifications**
***See eSignature page***

Clerk of the Superior Court
*** Electronically Filed ***
L. Gilbert, Deputy
1/7/2026 8:00:00 AM
Filing ID 21220034

1  Robert T. Mills (Arizona Bar #018853)
   Sean A. Woods (Arizona Bar #028930)
2  **MILLS + WOODS LAW, PLLC**
3  5055 North 12th Street, Suite 101
   Phoenix, Arizona 85014
4  Telephone 480.999.4556
   docket@millsandwoods.com
5  swoods@millsandwoods.com
6  *Attorneys for Plaintiff*

7

8              **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

9                 **IN AND FOR THE COUNTY OF MARICOPA**

10  GARY STEINER, an individual,              Case No.: CV2025-035518

11            Plaintiff,                       **ORDER EXTENDING TIME TO**
                                               **SERVE DEFENDANT WHITE WITH**
12       vs.                                   **PROCESS**

13  CITY OF PHOENIX, a governmental
    entity; MICHAEL JONES, an individual;
14  LANE      WHITE,     an    individual;     (Assigned to the Honorable Adele Ponce)
    SERGEANT LUTZ #09410, an individual,
15  and; JOHN AND JANE DOES I-X,

16            Defendants.

17

18       THE COURT, having reviewed "Plaintiff's Motion to Briefly Extend Time to Serve

19  Defendant Lane White" (the "Motion to Extend"), and good cause appearing, therefore:

20       **IT IS ORDERED** granting the Motion to Extend.

21       **IT IS FURTHER ORDERED** extending the time within which Defendant Lane

22  White may be served with process in this action until up to and including fifteen days from

23  the date of entry of this Order.

24       DATED this _____ day of January, 2025.

25

26

27                                            _____
                                              Hon. Adele Ponce
28                                            Judge of the Superior Court

*MILLS + WOODS LAW, PLLC*
*5055 North 12th Street, Ste 101*
*Phoenix, AZ 85014*
*Telephone: 480.999.4556*

# eSignature Page 1 of 1

Filing ID: 21220034   Case Number: CV2025-035518
Original Filing ID: 21209133

**Granted with Modifications**



/S/ Adele Ponce Date: 1/5/2026

Judicial Officer of Superior Court

## ENDORSEMENT PAGE

CASE NUMBER: CV2025-035518                SIGNATURE DATE: 1/5/2026

E-FILING ID #: 21220034                FILED DATE: 1/7/2026 8:00:00 AM

SEAN WOODS

Clerk of the Superior Court
*** Electronically Filed ***
K. Scott, Deputy
1/2/2026 5:41:57 PM
Filing ID 21209133

Robert T. Mills (Arizona Bar #018853)
Sean A. Woods (Arizona Bar #028930)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiff*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| GARY STEINER, an individual, | Case No.: CV2025-035518 |
| Plaintiff, | |
| vs. | **PLAINTIFF'S MOTION TO BRIEFLY EXTEND TIME TO SERVE DEFENDANT LANE WHITE** |
| CITY OF PHOENIX, a governmental entity; MICHAEL JONES, an individual; LANE WHITE, an individual; SERGEANT LUTZ #09410, an individual, and; JOHN AND JANE DOES I-X, | (Assigned to the Honorable Adele Ponce) |
| Defendants. | |

Through undersigned counsel and pursuant to Rule 4(i) of the Arizona Rules of Civil Procedure, Plaintiff Gary Steiner ("Plaintiff") hereby moves for a relatively brief extension of the time within which Defendant Lane White ("Defendant White") may be served with process, by an additional fifteen days. The other three Defendants were served prior to the deadline, and Defendant White remains only because of his unavailability over the recent holiday season. This Motion is supported by the relevant parts of the record and the Memorandum of Points and Authorities that follows.

///

///

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    BACKGROUND

Because Plaintiff's Complaint in this action was filed on September 30, 2025, he had until up to and including December 29, 2025 within which to serve Defendants with process, *see* Ariz. R. Civ. P. 4(i), which has now passed.   Three of the four named Defendants – the City of Phoenix, Michael Jones, and Sergeant Lutz #09410 – were served prior to the deadline.  Defendant City of Phoenix was served on December 22, 2025.  *See* Cert. Service [City of Phoenix], filed Dec. 26, 2025.  Defendant Sergeant Lutz #09410 was also served that same date. *See* Cert. Service [Sergeant Lutz #09410], filed Dec. 26, 2025. Though proof of same has not yet been drafted and filed due to its recent occurrence and the holiday season, Defendant Michael Jones was served on December 26, 2025.

As for Defendant White, Plaintiff's process server was unable to serve him during the last few weeks of the service period, as based on the server's inquiries with the Phoenix Police Department he was, and still is, unavailable due to being on a holiday vacation. However, he is expected to return, and be available for service, beginning next week.

### II.    LEGAL ARGUMENT

Plaintiff now seeks an additional fifteen-day extension of the service deadline.

Under Rule 4(i), a court *must* extend the time to serve if good cause exists. *Sholem v. Gass*, 460 P.3d 273, 278, ¶ 18 (Ariz. 2020) (citing *Maher v. Urman*, 211 Ariz. 543, 547-48, ¶¶ 8, 14 (App. 2005)).  "Proving good cause under Rule 4(i) requires a plaintiff to show that, under the specific facts of the case, [it] exercised reasonable diligence in trying to serve the defendant[s]." *Id.* at 281, ¶ 33 (first citing *Grobe v. McBryde*, 105 Ariz. 577, 579

2

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

(1970); and then citing *Maher*, 211 Ariz. at 548, ¶ 14). "To show reasonable diligence, a plaintiff must provide the court with a valid reason or explanation for failing to serve the defendant[s] within the allotted time period." *Id.* ¶ 34 (first citing *Snow v. Steele*, 121 Ariz. 82, 83-84 (1978); then citing *Air Power, Inc., v. Superior Court*, 142 Ariz. 492, 496 (App. 1984); and then citing *Boley v. Kaymark*, 123 F.3d 756, 758 (3rd Cir. 1997)).

Here, a valid explanation for failing to serve Defendant White within the allotted time period (by December 29, 2025) exists. As set forth above, though the other three Defendants were successfully served within that period, Defendant White was unavailable the last few weeks of the service period due to a holiday vacation.

Accordingly, because a "valid reason or explanation for failing to serve the defendant[s] within the allotted time period" exists, Plaintiff has shown "reasonable diligence," and thus has proved "good cause" under Rule 4(i). *See id.* at 281, ¶¶ 33-34. And because "good cause" exists, the Court must grant an extension. *See* Ariz. R. Civ. P. 4(i); *Sholem*, 460 P.3d at 278, ¶ 18.

Nevertheless, even if good cause does not exist, under Rule 4(i) the Court still has the discretion to grant an extension. *Sholem*, 460 P.3d at 278, ¶ 18 (citing *Maher*, 211 Ariz. at 547-48, ¶¶ 8, 14). "In determining whether to grant a discretionary extension, courts have considered several factors, including whether: (1) the applicable statute of limitations bars the plaintiff from re-filing the action; (2) the defendant evaded service; and (3) the defendant would be prejudiced if the court grants the extension." *Id.* at 282, ¶ 42 (first citing *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007); then citing *United States v. McLaughlin*, 470 F.3d 698, 701 (7th Cir. 2006); then citing *Horenkamp v. Van Winkle and*

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

*Co., Inc.*, 402 F.3d 1129, 1132 (11th Cir. 2005); then citing Fed. R. Civ. P. 4, Advisory Committee Note to 1993 Amendments, Subdivision (m); and then citing *Toy v. Katz*, 192 Ariz. 73, 82 n.1 (App. 1997)).

Here, two of those three factors favor an extension. First, Plaintiff's claims against Defendant White will likely be barred from re-filing under the applicable statute of limitations. Because Defendant White is a public employee, the applicable limitations period is only one year. A.R.S. § 12-821. The incident at issue occurred on September 30, 2024, *see* Pl.'s Compl. ¶ 18, Sept. 30, 2025, which was more than a year ago. Thus, if the Court declines to briefly extend the service period, Plaintiff will have no recourse for his claims against Defendant White, an unnecessarily harsh result. Second, there will be no conceivable prejudice to Defendant White from a relatively brief fifteen-day extension of the service deadline. If not a mandatory extension, the Court should nevertheless exercise its considerable discretion to extend the service deadline by fifteen days, so that Plaintiff's claims against Defendant White may proceed on the merits.

## III.    **CONCLUSION**

For all the foregoing reasons, for good cause and in the interests of justice, Plaintiff respectfully requests that the time within which Defendant White may be served with process be extended by fifteen days, in accordance with the [Proposed] Order attached hereto.

///

///

///

4

**RESPECTFULLY SUBMITTED** this 2nd day of January 2026.

**MILLS + WOODS LAW, PLLC**


By _____ /s/ Sean A. Woods _____
Robert T. Mills
Sean A. Woods
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
*Attorneys for Plaintiff*


**ORIGINAL** filed this 2nd day of January 2026
via AZTurboCourt with the Clerk of the
Maricopa County Superior Court.


_____ /s/ Ben Dangerfield _____

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

5

Col. John T's Process and Legal Support Services
7227 N. 16th St., #118
Phoenix, AZ 85020
(602) 230-1540

CLERK OF THE SUPERIOR COURT
FILED
DEC 3 0 2025    11:59AM
E. Hernandez, Deputy

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

**Gary Steiner**

Plaintiff,

vs.

**City of Phoenix; Michael Jones; Lane White;
Sergeant Lutz #09410; et al**

Defendant.

Case Number: CV2025-035518

**Certificate of Service**

Received by COL. JOHN T's Process and Legal Support on the 19th day of December, 2025 at 1:58 pm to be served on **Michael Jones aka Officer Michael Jones #07745, 150 S. 12th St., Lobby, (Phoenix Fire Dept. Admin Bldg), Phoenix, AZ**.

I, Karla Viernes, do hereby affirm that on the **26th day of December, 2025** at **8:55 am, I:**

served by delivering a true copy of the **Summons, Complaint, Certificate of Compulsory Arbitration to Michael Jones aka Officer Michael Jones #07745** at the address of: **150 S. 12th St., Lobby, (Phoenix Fire Dept. Admin Bldg), Phoenix, AZ,** and informed said person that I am an Officer of Superior Court and of the contents therein, in compliance with Arizona RCP and statutes, as amended.

**Service Fee Items:**

| | |
|---|---|
| Service Fee (Local) | $55.00 |
| Certificate Preparation | $10.00 |
| Total | $65.00 |

THE UNDERSIGNED is a Certified Process Server and a Registered Officer of Superior Court and, as such, is fully authorized to serve process under the laws of the state of Arizona. The undersigned stated this authorization to the party served and also stated the nature of the papers being served. I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

**Karla Viernes**
Pinal County PS202300003

**COL. JOHN T's Process and Legal Support
7227 N. 16th St., #118
Phoenix, AZ 85020
(602) 230-1540**

Our Job Serial Number: JTQ-2025000139

Copyright © 1992-2025 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a



SUPERIOR COURT
FILED
D. LUGO, DEP

**25 DEC 26  AM 10: 25**

Col. John T's Process and Legal Support Services
7227 N. 16th St., #118
Phoenix, AZ 85020
(602) 230-1540

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

**Gary Steiner**

                         Plaintiff,

      vs.

**City of Phoenix; Michael Jones; Lane White;
Sergeant Lutz #09410; et al**

                    Defendant.

Case Number: CV2025-035518

**Certificate of Service**

Received by COL. JOHN T's Process and Legal Support on the 19th day of December, 2025 at 1:58 pm to be served on **City Of Phoenix, 200 W. Washington, 15th Floor, Phoenix, AZ 85003**.

I, Karla Viernes, do hereby affirm that on the **22nd day of December, 2025** at **11:29 am, I:**

served  **City Of Phoenix** by delivering a true copy of the **Summons, Complaint, Certificate of Compulsory Arbitration** to: **Jessica Castro, Special Deputy City Clerk, at the address of 200 W. Washington, 15th Floor, Phoenix, AZ 85003.**

**Service Fee Items:**

| | |
|---|---|
| Service Fee (Local) | $55.00 |
| Certificate Preparation | $10.00 |
| Total | $65.00 |

THE UNDERSIGNED is a Certified Process Server and a Registered Officer of Superior Court and, as such, is fully authorized to serve process under the laws of the state of Arizona. The undersigned stated this authorization to the party served and also stated the nature of the papers being served. I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Karla Viernes
Pinal County PS202300003

**COL. JOHN T's Process and Legal Support
7227 N. 16th St., #118
Phoenix, AZ 85020
(602) 230-1540**

Our Job Serial Number: JTQ-2025000136

Copyright © 1992-2025 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a



SUPERIOR COURT
FILED
D. LUGO, DEP

**25 DEC 26   AM 10: 26**

Col. John T's Process and Legal Support Services
7227 N. 16th St., #118
Phoenix, AZ 85020
(602) 230-1540

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

**Gary Steiner**

Plaintiff,

Case Number: CV2025-035518

**Certificate of Service**

vs.

**City of Phoenix; Michael Jones; Lane White;**
**Sergeant Lutz #09410; et al**

Defendant.

Received by COL. JOHN T's Process and Legal Support on the 19th day of December, 2025 at 1:58 pm to be served on **Sergeant Lutz #09410, 200 W. Washington, Lobby, Phoenix, AZ 85003**.

I, Karla Viernes, do hereby affirm that on the **22nd day of December, 2025** at 11:44 am, I:

served by delivering a true copy of the **Summons, Complaint, Certificate of Compulsory Arbitration to Sergeant Lutz #09410** at the address of: **200 W. Washington, Lobby, Phoenix, AZ 85003**, and informed said person that I am an Officer of Superior Court and of the contents therein, in compliance with Arizona RCP and statutes, as amended.

**Service Fee Items:**

| | |
|---|---|
| Service Fee (Local) | $30.00 |
| Certificate Preparation | $10.00 |
| Total | $40.00 |

THE UNDERSIGNED is a Certified Process Server and a Registered Officer of Superior Court and, as such, is fully authorized to serve process under the laws of the state of Arizona. The undersigned stated this authorization to the party served and also stated the nature of the papers being served. I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

**Karla Viernes**
Pinal County PS202300003

**COL. JOHN T's Process and Legal Support**
**7227 N. 16th St., #118**
**Phoenix, AZ 85020**
**(602) 230-1540**

Our Job Serial Number: JTQ-2025000138

Copyright © 1992-2025 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

Office Distribution

# SUPERIOR COURT OF ARIZONA
# MARICOPA COUNTY

**FILED**
12/10/2025
by Superior Court Admin
on behalf of Clerk of the
Superior Court

Ct. Admin
Deputy

12/06/2025

COURT ADMINISTRATION

**Case Number:** CV2025-035518

**Gary Steiner**

**V.**

**City Of Phoenix**

---

The Judge assigned to this action is the Honorable Adele G Ponce

## NOTICE OF INTENT TO DISMISS FOR LACK OF SERVICE

You are hereby notified that the complaint filed on 09/30/2025 is subject to dismissal pursuant to Rule 4 (i) of the Arizona Rules of Civil Procedure. The deadline for completing service is 12/29/2025. If the time for completing service has not been extended by the court and no defendants have been served by this date, the case will be dismissed without prejudice.

All documents required to be filed with the court should be electronically filed through Arizona Turbo Court at www.azturbocourt.gov.

# Superior Court of Maricopa County - integrated Court Information System
## Endorsee Party Listing
Case Number: CV2025-035518

| Party Name | Attorney Name | |
|---|---|---|
| Gary Steiner | Sean Woods | Bar ID: 028930 |

Person Filing: Sean A. Woods
Address (if not protected): 5055 N. 12th St. Suite 101
City, State, Zip Code: Phoenix, AZ 85014
Telephone: (480)999-4556
Email Address: swoods@millsandwoods.com
Representing [□ ] Self or [☒ ] Attorney for:
Lawyer's Bar Number: 028930, Issuing State: AZ

Clerk of the Superior Court
*** Electronically Filed ***
A. Winkles, Deputy
9/30/2025 5:50:39 PM
Filing ID 20674313

# SUPERIOR COURT OF ARIZONA
## IN MARICOPA COUNTY

Case Number: CV2025-035518

Gary Steiner
_____
Name of Plaintiff

**SUMMONS**

AND

City of Phoenix, et al.
_____
Name of Defendant

> **WARNING:** This is an official document from the court that affects your rights. Read this carefully. If you do not understand it, contact a lawyer for help.

**FROM THE STATE OF ARIZONA TO:** Sergeant Lutz #09410
_____
Name of Defendant

1. **A lawsuit has been filed against you.** A copy of the lawsuit and other court papers are served on you with this *"Summons"*.

2. If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint. To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to Clerk of the Superior Court, or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation. Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons. Note: If you do not file electronically you will not have electronic access to the document in this case.

AZturboCourt.gov Form Set #12200050

3.  If this "Summons" and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served.  If this "Summons" and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4.  You can get a copy of the court papers filed in this case from the Petitioner at the address at the top of this paper, or from the Clerk of the Superior Court.

5.  Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) judicial days before your scheduled court date.

6.  Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case at least ten (10) judicial days in advance of your scheduled court date.

SIGNED AND SEALED this Date: *September 30, 2025*

*JOSEPH W. MALKA*
Clerk of Superior Court

By: *A. WINKLES*
Deputy Clerk



If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Person Filing: Sean A. Woods
Address (if not protected): 5055 N. 12th St. Suite 101
City, State, Zip Code: Phoenix, AZ 85014
Telephone: (480)999-4556
Email Address: swoods@millsandwoods.com
Representing [☐ ] Self or [☒ ] Attorney for:
Lawyer's Bar Number: 028930, Issuing State: AZ

Clerk of the Superior Court
*** Electronically Filed ***
A. Winkles, Deputy
9/30/2025 5:50:39 PM
Filing ID 20674312

# SUPERIOR COURT OF ARIZONA
## IN MARICOPA COUNTY

Case Number: CV2025-035518

Gary Steiner
_____
Name of Plaintiff

**SUMMONS**

AND

City of Phoenix, et al.
_____
Name of Defendant

> **WARNING:** This is an official document from the court that affects your rights. Read this carefully.
> If you do not understand it, contact a lawyer for help.

**FROM THE STATE OF ARIZONA TO:** Lane White
_____
Name of Defendant

1. **A lawsuit has been filed against you.** A copy of the lawsuit and other court papers are served on you with this *"Summons"*.

2. If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint. To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to <u>Clerk of the Superior Court,</u> <u>or electronically file your Answer through one of Arizona's approved electronic filing systems at</u> <u>http://www.azcourts.gov/efilinginformation</u>. Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons. Note: If you do not file electronically you will not have electronic access to the document in this case.

AZturboCourt.gov Form Set #12200050

3.  If this "Summons" and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served.  If this "Summons" and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4.  You can get a copy of the court papers filed in this case from the Petitioner at the address at the top of this paper, or from the Clerk of the Superior Court.

5.  Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) judicial days before your scheduled court date.

6.  Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case at least ten (10) judicial days in advance of your scheduled court date.

SIGNED AND SEALED this Date: *September 30, 2025*

*JOSEPH W. MALKA*
Clerk of Superior Court

By: *A. WINKLES*
Deputy Clerk



If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Person Filing: Sean A. Woods
Address (if not protected): 5055 N. 12th St. Suite 101
City, State, Zip Code: Phoenix, AZ 85014
Telephone: (480)999-4556
Email Address: swoods@millsandwoods.com
Representing [ ☐ ] Self or [ ☒ ] Attorney for:
Lawyer's Bar Number: 028930, Issuing State: AZ

Clerk of the Superior Court
*** Electronically Filed ***
A. Winkles, Deputy
9/30/2025 5:50:39 PM
Filing ID 20674311

# SUPERIOR COURT OF ARIZONA
## IN MARICOPA COUNTY

Case Number: CV2025-035518

Gary Steiner
_____
Name of Plaintiff

**SUMMONS**

AND

City of Phoenix, et al.
_____
Name of Defendant

> **WARNING:** This is an official document from the court that affects your rights. Read this carefully. If you do not understand it, contact a lawyer for help.

**FROM THE STATE OF ARIZONA TO:** Michael Jones
_____
Name of Defendant

1.  **A lawsuit has been filed against you.** A copy of the lawsuit and other court papers are served on you with this *"Summons"*.

2.  If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint. To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to Clerk of the Superior Court, or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation. Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons. Note: If you do not file electronically you will not have electronic access to the document in this case.

3.  If this "Summons" and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served.  If this "Summons" and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4.  You can get a copy of the court papers filed in this case from the Petitioner at the address at the top of this paper, or from the Clerk of the Superior Court.

5.  Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) judicial days before your scheduled court date.

6.  Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case at least ten (10) judicial days in advance of your scheduled court date.

SIGNED AND SEALED this Date: *September 30, 2025*

*JOSEPH W. MALKA*
Clerk of Superior Court

By: *A. WINKLES*
Deputy Clerk



If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZTurboCourt.gov Form Set #12200059

Person Filing: Sean A. Woods
Address (if not protected): 5055 N. 12th St. Suite 101
City, State, Zip Code: Phoenix, AZ 85014
Telephone: (480)999-4556
Email Address: swoods@millsandwoods.com
Representing [ ☐ ] Self or [ ☒ ] Attorney for:
Lawyer's Bar Number: 028930, Issuing State: AZ

Clerk of the Superior Court
*** Electronically Filed ***
A. Winkles, Deputy
9/30/2025 5:50:39 PM
Filing ID 20674310

# SUPERIOR COURT OF ARIZONA
## IN MARICOPA COUNTY

Case Number: CV2025-035518

Gary Steiner
_____
Name of Plaintiff

**SUMMONS**

AND

City of Phoenix, et al.
_____
Name of Defendant

> **WARNING:** This is an official document from the court that affects your rights. Read this carefully. If you do not understand it, contact a lawyer for help.

**FROM THE STATE OF ARIZONA TO:** City of Phoenix
_____
Name of Defendant

1.  **A lawsuit has been filed against you.** A copy of the lawsuit and other court papers are served on you with this *"Summons"*.

2.  If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint. To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to <u>Clerk of the Superior Court, or electronically file your Answer through one of Arizona's approved electronic filing systems at</u> <u>http://www.azcourts.gov/efilinginformation</u>. Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons. Note: If you do not file electronically you will not have electronic access to the document in this case.

AZturboCourt.gov Form Set #12200090

3.  If this "Summons" and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served.  If this "Summons" and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4.  You can get a copy of the court papers filed in this case from the Petitioner at the address at the top of this paper, or from the Clerk of the Superior Court.

5.  Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) judicial days before your scheduled court date.

6.  Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case at least ten (10) judicial days in advance of your scheduled court date.

SIGNED AND SEALED this Date: *September 30, 2025*

*JOSEPH W. MALKA*
Clerk of Superior Court

By: *A. WINKLES*
Deputy Clerk



If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Clerk of the Superior Court
*** Electronically Filed ***
A. Winkles, Deputy
9/30/2025 5:50:39 PM
Filing ID 20674309

Person/Attorney Filing: Sean A. Woods
Mailing Address: 5055 N. 12th St. Suite 101
City, State, Zip Code: Phoenix, AZ 85014
Phone Number: (480)999-4556
E-Mail Address: swoods@millsandwoods.com
[ ☐ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 028930, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

Gary Steiner
Plaintiff(s),
v.
City of Phoenix, et al.
Defendant(s).

Case No. **CV2025-035518**

**CERTIFICATE OF
COMPULSORY ARBITRATION**

I certify that I am aware of the dollar limits and any other limitations set forth by the
Local Rules of Practice for the Maricopa County Superior Court, and I further certify that
this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of
the Arizona Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this September 30, 2025

By: Sean A. Woods /s/
Plaintiff/Attorney for Plaintiff

# In the Superior Court of the State of Arizona
# In and For the County of Maricopa

Clerk of the Superior Court
*** Electronically Filed ***
A. Winkles, Deputy
9/30/2025 5:50:39 PM
Filing ID 20674308

**Plaintiff's Attorneys:**

Sean A. Woods - Primary Attorney
Bar Number: 028930, issuing State: AZ
Law Firm: Mills + Woods Law, PLLC
5055 N. 12th St. Suite 101
Phoenix, AZ 85014
Telephone Number: (480)999-4556
Email address: swoods@millsandwoods.com

CV2025-035518

Robert T. Mills
Bar Number: 018853, issuing State: AZ
Law Firm: Mills + Woods Law, PLLC
Telephone Number: (480)999-4556

**Plaintiff:**

Gary Steiner

**Defendants:**

City of Phoenix

Michael Jones

Lane White

Sergeant Lutz #09410

Discovery Tier t3

Case Category: Other Civil Case Categories
Case Subcategory: Violation of Federal Law

AZTurboCourt.gov Form Set #12200050

Clerk of the Superior Court
*** Electronically Filed ***
A. Winkles, Deputy
9/30/2025 5:50:39 PM
Filing ID 20674307

Sean A. Woods (Arizona Bar #028930)
Robert T. Mills (Arizona Bar #018853)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.5169
docket@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiffs*

## IN THE MARICOPA COUNTY SUPERIOR COURT

| | |
|---|---|
| GARY STEINER, an individual, | **CASE NO:** CV2025-035518 |
| Plaintiff, | **PLAINTIFF'S COMPLAINT** |
| vs. | |
| CITY OF PHOENIX, a governmental entity; MICHAEL JONES, an individual; LANE WHITE, an individual; SERGEANT LUTZ #09410, an individual, and; JOHN AND JANE DOES I-X, | (JURY TRIAL DEMANDED) |
| Defendants. | |

Plaintiff GARY STEINER ("Plaintiff" or "Gary"), by and through his attorneys, Mills + Woods Law, PLLC, for his Complaint against the CITY OF PHOENIX, a governmental entity; MICHAEL JONES, an individual; LANE WHITE, an individual; SERGEANT LUTZ #09410, an individual; and, JOHN AND JANE DOES I-X, (collectively "Defendants"), hereby alleges as follows:

## JURISDICTION AND VENUE

1.     Pursuant to 42 U.S.C. §1983 *et seq.*, Plaintiff brings this action for violations of the United States Constitution, including without limitation the Eighth and Fourteenth Amendments and Arizona common and statutory laws.

2.     The amount in controversy exceeds the minimal jurisdictional limits of this Court.

3.     To the extent applicable, and without conceding that said statute applies,

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

Plaintiff has served his Notice of Claim upon Defendants in compliance with A.R.S. §12-821.01, *et seq.* More than sixty (60) days have expired since Plaintiff served his Notice of Claim and Defendants have not responded substantively to said Notice of Claim.

4.    Pursuant to Article 6, Section 14 of the Arizona Constitution, this court has original subject matter jurisdiction in this Complaint because the claims relate to causes of action, the underlying acts and/or omissions for which, at all times relevant, have caused the events alleged herein to occur with primary effect in Maricopa County, Arizona.

5.    Venue is proper in that the specific acts giving rise to the causes of action alleged herein occurred with primary effect in Maricopa County, Arizona.

## PARTIES

6.    At all relevant times in this Complaint, Plaintiff Gary Steiner ("Gary") was an individual residing in Maricopa County, Arizona.

7.    Defendant CITY OF PHOENIX ("City") is a governmental entity that acts by and through its officials, employees, and agents, including without limitation the Phoenix Police Department, and each of the other Defendants in this action except for Defendants Humberto Gonzalez-Rios and Jane Doe Gonzalez-Rios.

8.    Defendant MICHAEL JONES ("Jones"), badge # 07745, is a Police Officer, employed by and is an agent of the City of Phoenix and the Phoenix Police Department, operating in his official and individual capacity in Maricopa County, Arizona.

9.    Defendant LANE WHITE ("White"), badge # 06356, is a Police Officer, employed by and is an agent of the City of Phoenix and the Phoenix Police Department, operating in his official and individual capacity in Maricopa County, Arizona.

10.    Defendant SERGEANT LUTZ ("Lutz"), badge # 09410[1], is a Police Officer, employed by and is an agent of the City of Phoenix and the Phoenix Police Department, operating in his official and individual capacity in Maricopa County, Arizona.

11.    Defendants Jones, White, and Lutz brevity's sake will be collectively referred to as "Phoenix Defendants" unless otherwise necessary to list them individually.

12.    The City of Phoenix is vicariously liable under the principle of *respondeat*

---

[1] First name is unknown despite records requests pending.

*superior* for the actions and inactions of the employees of the Phoenix Police Department (the "City") and any private contractors including those employees or contractors named as defendants in this action, as to any claims that are asserted by Plaintiff as a result of violations of the Arizona Constitution and Arizona common law because, at all relevant times, Defendants were acting within the course and scope of their employment or contract with Phoenix - or entities privately contracted with Phoenix.

13.    For purposes of Plaintiffs' claims arising under Federal law, including without limitation the United States Constitution and 42 U.S.C. §1983 *et seq.*, and as may be relevant to Plaintiff's state law claims, at all relevant times described herein, Defendants were acting under color of state law.

14.    Each of the Defendants failed to do what is minimally required of them by the United States Constitution, and the laws of the State of Arizona, relative to the care, custody and control of Gary Steiner.

15.    By failing in these obligations, Defendants were deliberately indifferent to Gary's rights guaranteed him by the United States Constitution and the State of Arizona.

16.    As a result of Defendants' deliberate indifference and as a result of intentional acts and omissions to act that fell below the proscribed standard of care – including but not limited to failures to properly supervise; and to properly carry out their job duties – Gary has suffered emotional damages manifesting in physical pain and suffering.

## FACTUAL ALLEGATIONS

17.    Gary is a licensed and practicing process server in Arizona.

18.    On September 30, 2024, Gary was serving Court documents upon City at Phoenix City Hall located at 200 W. Washington, Phoenix, Arizona, 85003.

19.    Gary has served individuals and City at City Hall on numerous occasions with no issue.

20.    Upon arrival, Gary headed to the elevators to get to the 15th floor.

21.    A security guard told him to sign in and make an appointment.

22.    Gary declined, announced himself as a process server and officer of the

3

Court, and showed his documents and process server identification, which he wears on his pants in a magnetic holder.

23.    Gary proceeded to the elevators and arrived at the 15th floor.

24.    Upon arrival, employees began yelling at Gary that he did not follow their self-imposed procedure designed to impede an officer of the Court from performing his authorized duties and were refusing service.

25.    Despite being yelled at, Gary explained Arizona is a "Drop Service" State and there is no opportunity to refuse legal service.

26.    Gary then placed the documents on the counter and announced they had been served.

27.    Gary turned around, entered the elevator, followed by the Head of the Clerk's Office on the 15th floor, rode the elevator down to the lobby, and left the building.

28.    As Gary was walking to his car, he was chased down by multiple officers including the Phoenix Defendants.

29.    He was prevented from leaving by these officers.

30.    The officers began questioning Gary.

31.    Gary informed them that he was a private process server and an Officer of the Court.

32.    The Officers asked for identification because they said Gary was trespassing.

33.    Gary provided his State Issued Process Server's ID.

34.    The officers demanded he provide state issued government identification.

35.    Gary responded that he just did.

36.    The Officers then demanded his Driver's License and Gary told them he did not have to provide that identification unless he was being charged with a crime.

37.    Gary asked the officers if he was being charged with a crime.

38.    They responded that they could charge him with trespassing at City Hall.

39.    Gary responded that they could not as he was an officer of the Court executing official Court duties and that Gary would have to have committed a crime to be trespassing in a Public Building.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

40.    Gary again asked what crime he committed.

41.    The Officer said Gary didn't sign in as per building policy.

42.    Gary then asked if there was an A.R.S. code for that policy.

43.    Gary then asked if they were Law Enforcement or Policy Enforcement.

44.    After the Officers kept demanding an ID, the officers apparently became angry and frustrated that they knew they could not charge Gary with an underlying crime, stepped away to discuss it for 5-7 minutes, still handcuffed him and began to search him.

45.    The officers continued to question Gary throughout this process.

46.    The officers never read Gary his Miranda Rights.

47.    At the end of the ordeal, Gary was charged A.R.S. § 13-2412(A) for refusing to provide his truthful name.

48.    The Incident Report lists the offense description as "REFUSE TO PROVIDE TRUTHFUL NAME – LAWFULLY DETAINED".

49.    In fact, Gary was not lawfully detained.

50.    This Incident was undertaken by the Offenders for the sole purpose of harassment, embarrassment, and to violate his rights.

51.    Gary was charged and those charges were sent to the City Prosecutor's office.

52.    Case Number M-0741-PX-5894400 was initiated.

53.    Counsel for Gary attended the Initial Appearance and spoke to the Prosecutor.

54.    The case was immediately dismissed by the Prosecutor on October 10, 2024, the same day of the Initial Appearance.

## COUNT I

## ILLEGAL SEARCH AND SEIZURE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. § 1983

### (*Phoenix Defendants*)

55.    Plaintiff incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

56.    42 U.S.C. § 1983 provides individuals with a cause of action to sue for

5

violations of his or her constitutional rights. The 14th Amendment protects individuals from constitutional violations of State and local authorities. As incorporated by the 14th Amendment, the 4th Amendment protects individuals from the use of excessive force by law enforcement officers. The Defendants, while acting in their official capacity and individual capacities and under the color of law, violated Gary Steiner's rights to freedom from unreasonable searches and seizures.

57.    The Phoenix Defendants acted willfully, knowingly, and with specific intent to deprive Gary of his rights under the Fourth Amendment of the United States Constitution, including his right to be secure in his person and free from illegal search and seizure.

58.    The Phoenix Defendants acted unreasonably by failing to identify a crime that Gary committed, by failing to read him his Miranda Rights, and by intentionally handcuffing Gary and searching Gary's person.

59.    The remaining Phoenix Defendants failed to intercede or intervene to prevent their fellow officers from using unwarranted tactics to illegally search and seize Gary's person.

60.    Gary's injuries were the direct result of the Phoenix Defendants' actions and inactions.

61.    Additionally, the acts of Defendants and their employees and agents, as set forth above, demonstrate gross and wanton negligence in that each of them knew or had reason to know that their acts individually and collectively created an unreasonable risk of violating Gary's Constitutional rights and a high probability that substantial harm would result.

62.    Phoenix Defendants had one mission in mind: to intentionally harass, to charge Gary with anything they could think of – as evidenced by their 5-7 minute conversation in which Gary overheard them scheming to invent any sort of charge against Gary, to seize Gary's person, to improperly detain Gary, and to eventually charge him with a bogus crime.

63.    Based on these facts, Phoenix Defendants acted with an evil mind and a

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

malignant heart warranting an award of punitive damages.

## COUNT II

## FALSE ARREST/IMPRISONMENT IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. § 1983

*(Phoenix Defendants)*

64.     Plaintiff incorporates by reference all previous allegations as fully set forth herein.

65.     As previously explained, U.S.C. § 1983 provides individuals with a cause of action to sue for violations of their constitutional rights.

66.     Phoenix Defendants' acts or failure to act deprived Gary of his constitutional rights.

67.     By placing Gary under arrest and detaining him under false pretenses, the Phoenix Defendants violated Gary's rights.

68.     The Phoenix Defendants knew that Gary had committed no crime.

69.     The Phoenix Defendants instead tried to invent a crime - "REFUSE TO PROVIDE TRUTHFUL NAME – LAWFULLY DETAINED" – in an attempt to cover their tracks for their unlawful detainment and arrest of Gary.

70.     The addition of "LAWFULLY DETAINED" is an abject failure to support their actions.

71.     Gary was not charged with anything else – as required to support the violation of A.R.S. § 13-2412(A).

72.     Furthermore, Gary *did* provide his truthful name.

73.     They had no probable cause, Gary had committed no criminal act, and the Phoenix Defendants still chased a process server down – an officer of the court, harassed him, handcuffed him, and charged him with a crime, eliminating his personal freedoms guaranteed by the Constitution, and detaining him with no valid reason.

///

///

///

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

7

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

## COUNT III

### NEGLIGENCE AND GROSS NEGLIGENCE

*(All Defendants)*

74.     Plaintiffs incorporate the allegations in the foregoing paragraphs as though fully set forth herein.

75.     The basic elements of actionable negligence are a duty owed to the plaintiff, a breach thereof and an injury proximately caused by the breach. *Ballesteros v. State*, 161 Ariz. 625, 627, 780 P.2d 458, 460 (App. 1989).

76.     "A duty is a matter of 'the relation between individuals which imposes upon one a legal obligation for the benefit of another.'" *Id.* (internal citations omitted). A duty is breached when the defendant fails to conform to the standard of care reasonable under the circumstances. *Ballesteros*, 161 Ariz. at 627.

77.     At all relevant times, each and every Defendant had a duty to exercise ordinary care for the safety of Gary Steiner.

78.     This includes taking certain actions and refraining from other actions such that the safety from harm to Gary was preserved.

79.     Defendants breached that duty systematically and repeatedly, including their acts and omissions set forth above, resulting in the injuries to Gary.

80.     Defendant City of Phoenix is vicariously liable under *respondeat superior* for the actions of any employee, agent, or servant of the City of Phoenix, including that of the other named Defendants in this case.

81.     Phoenix Defendants invented a criminal charge without justification.

82.     Rather than accepting that Gary did nothing wrong, the Phoenix Defendants gathered together and created the fictitious charges.

83.     They failed to properly review applicable law, applicable statute, and bumbled through recklessly charging an Officer of the Court with a violation that did not exist.

84.     This failure to understand and apply their training and valid law was a dereliction of their duties to the public – and to Gary.

8

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

85.    In taking the actions as described above, the Phoenix Defendants breached their duty to refrain from such unreasonable and indifferent conduct.

86.    As a direct and proximate result of Defendants' breach, Gary sustained injury, and suffered emotional damage.

87.    Defendants' acts and omissions set forth above, also demonstrate gross and wanton negligence in that each of them knew or had reason to know that their inability to properly review the circumstances as applied to Arizona law would have a high probability that substantial harm would result.

## COUNT IV

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

*(Phoenix Defendants, City [vicarious liability])*

88.    Plaintiff incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

89.    To sue for intentional infliction of emotional distress, a claimant must show: (1) defendant's conduct was extreme and outrageous; (2) defendant either intended or recklessly disregarded the certainty that the claimant would suffer emotional distress; and (3) the claimant suffered emotional distress. *Mintz v. Bell Atl. Sys. Leasing Int'l, Inc.*, 183 Ariz. 550, 553, 905 P.2d 559, 562 (Ct. App. 1995).

90.    The Phoenix Defendants engaged in extreme and outrageous conduct by detaining, handcuffing, and charging Gary with an invented crime without proper justification.

91.    Through their conduct, the Phoenix Defendants either intended or completely disregarded Gary's dignity and constitutional rights and knew their conduct would lead Gary to suffer emotional distress.

92.    Thus, the Defendants are liable for intentional infliction of emotional distress.

///

///

///

9

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

## COUNT V

## BATTERY

*(Phoenix Defendants)*

93.     Plaintiff incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

94.     The Phoenix Defendants intentionally grabbed and handcuffed Gary with no justifiable reason.

95.     As a direct and proximate result of the Phoenix Defendants' harmful or offensive contact, Gary suffered injuries.

96.     These Phoenix Defendants' acts constitute a battery upon Gary in the above-described bodily contact was intentional, unauthorized, or grossly offensive in nature.

97.     The acts and omissions of these Phoenix Defendants were intentional, negligent, reckless, and unwarranted, and without any just cause or provocation.

98.     As a direct and proximate result of these Phoenix Defendants' conduct, Gary was deprived of his liberty, and suffered injury.

## COUNT VI

## MALICIOUS PROSECUTION

*(All Defendants)*

99.     Plaintiff incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

100.    Phoenix Defendants instituted criminal proceedings against Gary with no justification.

101.    The criminal proceedings ended in favor of Gary with a full dismissal of his charges.

102.    The criminal proceedings were brought as a result of the Phoenix Defendants inventing a charge against Gary.

103.    The charge had no justification under Arizona law.

104.    Phoenix Defendants did not have probable cause to institute the criminal proceedings against Gary.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

105.    Phoenix Defendants knew the charges were false.

106.    The Phoenix Defendants could not have believed in good faith that the charges were true or that Gary was guilty of any crime.

107.    A reasonable person under the same or similar circumstances would not have believed that Gary was guilty of the crimes with which he was charged.

108.    The Defendants acted with malice in instituting and attempting to continue with criminal proceedings against Gary.

109.    As a direct and proximate result of the criminal prosecution Gary was forced to spend time and money defending himself. Gary also suffered, among other things, public humiliation as the charges show on the public record and Gary is an Officer of the Court, potential harm to his career and impairment of his ability to secure gainful employment.

## JURY TRIAL DEMAND

110.    Plaintiff hereby demands a jury trial in this matter as to all claims and against all Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that the Court enter judgment against the Defendants and in favor of the Plaintiff, as follows:

a)    For compensatory, general and special damages against each and every Defendant, jointly and severally, in an amount to be proven at trial;

b)    For all other non-pecuniary damages as to be proven at trial;

c)    For punitive and exemplary damages against Defendants in an amount appropriate to punish the wrongful conduct alleged herein and to deter such conduct in the future under applicable law;

d)    For pre-and post judgment interest to the extent provided by law;

e)    For Plaintiff's incurred costs, including all incurred attorneys' fees and court costs, pursuant to 42 U.S.C. §1988 and as otherwise authorized by any other statute or law; and

f)    For such other relief as this Court may deem proper.

///

**RESPECTFULLY SUBMITTED** this 30th day of September 2025.

MILLS + WOODS LAW, PLLC


By    */s/ Sean A. Woods*
   **MILLS AND WOODS LAW, PLLC**
   Sean A. Woods
   5055 North 12th Street, Suite 101
   Phoenix, Arizona 85014
   *Attorneys for Plaintiff*

**ORIGINAL** filed this 30th day of September 2025
via AZTurboCourt with the Clerk of the
Maricopa County Superior Court


   */s/ Ben Dangerfield*

# Exhibit B

1  OFFICE OF THE CITY ATTORNEY
   JULIE M. KRIEGH, City Attorney State Bar No. 021175
2  200 West Washington, Suite 1300
3  Phoenix, Arizona 85003-1611
   Telephone (602) 262-6761
4  law.civil.minute.entries@phoenix.gov

5
   Casey W. Martin, Bar No. 031886
6  Benjamin J. Barr, Bar No. 040376
7  Assistant City Attorneys
   *Attorneys for Defendants*

8            **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

9              **IN AND FOR THE COUNTY OF MARICOPA**

10

11  GARY STEINER, an individual,              Case No. CV2025-035518

12              Plaintiff,             **NOTICE OF FILING OF REMOVAL**

13  v.                                *(Assigned to the Honorable Adele Ponce)*

14  CITY OF PHOENIX, a governmental
    entity; MICHAEL JONES, an
15  individual; LANE WHITE, an
    individual; SERGEANT LUTZ
16  #09410, an individual, and JOHN AND
    JANE DOES I-X,
17
18              Defendants.

19

20

21          Defendant City of Phoenix, by and through undersigned counsel, and pursuant to 28

22  U.S.C. §1441, et seq., hereby notify this Court that it has filed a Notice of Filing of Removal

23  of this action to the United States District Court for the District of Arizona.

24          A copy of the Notice of Removal filed on January 16, 2026, is attached as **Exhibit A**.

25

26

27  …

OFFICE OF THE CITY ATTORNEY
200 W. Washington Street, Suite 1300
Phoenix, Arizona 85003-1611
(602) 262-6761

1

RESPECTFULLY SUBMITTED this 16th day of January, 2026.

JULIE M. KRIEGH, City Attorney


By:   /s/ *Casey W. Martin*
      Casey W. Martin
      Benjamin J. Barr
      Assistant City Attorneys
      *Attorneys for Defendant City of Phoenix*

Original of the foregoing electronically
filed and COPY electronically served on
January 16, 2026, to:

Sean A. Woods
MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
docket@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiff*

By:    /s/ *M. Elena Sandoval*
       4910-2852-8775, v. 1

OFFICE OF THE CITY ATTORNEY
200 W. Washington Street, Suite 1300
Phoenix, Arizona 85003-1611
(602) 262-6761