JL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary Steiner,<br><br>    Plaintiff,<br><br>v.<br><br>City of Phoenix, et al.,<br><br>    Defendants. | No.   CV-26-00280-PHX-SHD (JZB)<br><br>**ORDER** |

## I.   Procedural History

On September 30, 2025, Plaintiff Gary Steiner, who is represented by counsel, filed a Complaint (Doc. 1-1 at 25-36) in the Superior Court of Maricopa County, Arizona, against the City of Phoenix, Michael Jones, Lane White, Sergeant Lutz, and John and Jane Does I-X. Defendants City of Phoenix and Lutz were served on December 22, 2025. (*Id.* at 11, 12.) Defendant Jones was served on December 26, 2025. (*Id.* at 10.) On January 7, 2026, the state court granted Plaintiff additional time to serve Defendant White. (*Id.* at 5-9.) On January 16, 2026, Defendant City of Phoenix filed a Notice of Removal and removed the case to this Court. (Doc. 1.) On January 24, 2026, Defendant White was served. (Doc. 24.)

Also before the Court are Defendants' Stipulated Motions/Motions for Extension of Time to File Answer. (Docs. 6, 7, 8.)

## II.   Consent to Removal

A state court defendant may remove to federal court any civil action brought in the

state court over which the federal district courts would have original jurisdiction. 28 U.S.C. § 1441(a). In his Complaint, Plaintiff alleges, among other things, that Defendants violated his Fourth Amendment rights. This Court's jurisdiction extends to such claims. See 28 U.S.C. § 1331 (a federal court has original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States"). The Notice of Removal was filed within 30 days of Defendant City of Phoenix being served.

All proper defendants in a state-court action must join in or consent to the notice of removal and, "[w]here fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice of removal." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999), *superseded in unrelated part by statute as stated in Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 681 (9th Cir. 2006). Defendant City of Phoenix indicates on the Supplemental Cover Sheet (Doc. 1-3) that Defendants Jones and Lutz were served prior to removal. But nothing in the Notice of Removal states or suggests that these Defendants joined in or consented to the removal, and Defendant City of Phoenix failed to explain their absence. Thus, the Notice of Removal is procedurally defective. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) ("the failure to join all proper Defendants in a removal petition may otherwise render the removal petition procedurally defective.").

However, the failure to timely join or consent is a waivable defect. *Vasquez v. North County Transit Dist.*, 292 F.3d 1049, 1060 n.5 (9th Cir. 2002). Plaintiff did not timely file a motion to remand. *See* 28 U.S.C. § 1447(c). Thus, the procedural defect is deemed waived, and the Court will accept removal jurisdiction over this case.

**IT IS ORDERED:**

(1) Defendants must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 81(c)(2) of the Federal Rules of Civil Procedure or within 14 days of the filing of this Order, whichever is later.

(2) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(3) This matter is referred to Magistrate Judge John Z. Boyle pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

(4) The Stipulated Motions/Motions for Extension of Time to File Answer (Docs. 6, 7, 8) are **denied as moot**.

(5) This matter is **assigned to the standard track** pursuant to Rule 16.2(b)(3) of the Local Rules of Civil Procedure.

Dated this 11th day of March, 2026.

Honorable Sharad H. Desai
United States District Judge