OFFICE OF THE CITY ATTORNEY
JULIE M. KRIEGH, City Attorney State Bar No. 021175
200 West Washington, Suite 1300
Phoenix, Arizona 85003-1611
Telephone (602) 262-6761
law.civil.minute.entries@phoenix.gov

Casey Martin Bar No. 031886
Benjamin J. Barr Bar No. 040376
Assistant City Attorney
*Attorneys for Defendants City of Phoenix,*
*Michael Jones, Lane White, and Sergeant Lutz*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary Steiner, an individual,<br><br>      Plaintiff,<br><br>v.<br><br>City of Phoenix, a governmental entity; Michael Jones, an individual; Lane White, an individual; Sergeant Lutz #09410, an individual, and John and Jane Does I-X,<br><br>      Defendants. | **Case No.** 2:26-cv-00280-SHD-JZB<br><br><br>**DEFENDANTS' MOTION TO DISMISS** |

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants City of Phoenix, Michael Jones, Lane White, and Sergeant Lutz (collectively, "Defendants"), through undersigned counsel, move to dismiss all of Plaintiff Gary Steiner's ("Plaintiff") claims against them on the following bases: (1) Plaintiff's Complaint relies on group pleadings in violation of Fed. R. Civ. P. 8(a); and, (2) the Individual Officer Defendants are entitled to qualified immunity. The motion is supported by the following Memorandum of Points and Authorities.

…

…

1

OFFICE OF THE CITY ATTORNEY
200 W. Washington Street, Suite 1300
Phoenix, Arizona 85003-1611
(602) 262-6761

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The factual allegations in Plaintiff's Complaint are that on September 30, 2024, Plaintiff was serving Court documents at Phoenix City Hall (Doc. 1-1, p. 27, ¶18). Plaintiff headed to the elevators and was told to sign in and make an appointment (Doc. 1-1, p. 27, ¶¶20-21). Plaintiff declined, announced himself as a process server and officer of the Court, showed a magnetic holder holding his process server identification, and took the elevator to the 15th Floor (Doc. 1-1, pp. 27-28, ¶¶22-23). Plaintiff served the documents, rode the elevator down to the lobby, and left the building to walk to his car (Doc. 1-1, p. 28, ¶¶26-28). Plaintiff was contacted by multiple officers, who questioned Plaintiff and asked for his state issued government identification (Doc. 1-1, p. 28, ¶¶28-34). Plaintiff asked if he was being charged with a crime and was told he could be charged with trespassing at City Hall (Doc. 1-1, p. 28, ¶¶37-38). Despite continuing to be asked for identification, Plaintiff did not provide and was handcuffed and searched (Doc. 1-1, pp. 29, ¶ 44). Plaintiff was charged with violation of Arizona Revised Statute 13-2412, refusing to provide truthful name when lawfully detained (Doc. 1-1, p. 29, ¶¶47-48). The charge was sent to the City Prosecutor's office and the case was dismissed by the Prosecutor at Plaintiff's Initial Appearance on October 10, 2024 (Doc. 1-1, p. 29, ¶¶51-54).

Plaintiff's Complaint was originally filed in Maricopa County Superior Court and contained six counts for relief (Doc. 1-1, pp. 25-36). Defendant City of Phoenix timely filed a Notice of Filing of Removal (Doc. 1). This Court, while noting that a procedural defect is deemed waived, accepted removal jurisdiction over the case and ordered Defendants to answer the Complaint or otherwise respond by appropriate motion. (Doc. 9, p. 2).

…

…

…

OFFICE OF THE CITY ATTORNEY
200 W. Washington Street, Suite 1300
Phoenix, Arizona 85003-1611
(602) 262-6761

## II.    LEGAL ARGUMENT

### A.    Standard for Stating a Claim Under Federal Law

Pursuant to federal law, to state a claim upon which relief can be granted, a complaint must contain sufficient factual allegations to support the claims asserted and not just "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*, *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Nor does a complaint suffice if it tenders "naked assertion[s] devoid of 'further factual enhancement.'" *Id.* (citation omitted). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 559. A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The Court is not required to accept as true allegations that are "merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001). Causes of action that fail to state a claim upon which relief can be granted are subject to dismissal under Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, none of Plaintiff's claims for relief set forth cognizable claims that can be brought under federal or Arizona law, and they fail to state sufficient facts to state a claim upon which relief can be granted.

### B.    Plaintiff's Complaint Violates Fed. R. Civ. P. 8(a) by Using Improper Group Pleadings

"[A] [Section 1983] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Keates v. Koile*, 883 F.3d 1228, 1242 (9th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In *Destfino v. Reiswig*, the Ninth Circuit affirmed the dismissal of a complaint based on group

3

OFFICE OF THE CITY ATTORNEY
200 W. Washington Street, Suite 1300
Phoenix, Arizona 85003-1611
(602) 262-6761

pleading, explaining that the plaintiffs failed to correct their "shotgun pleading to state clearly how each and every defendant is alleged to have violated plaintiffs' legal rights" where they continued "to make 'everyone did everything' allegations." 630 F.3d 952, 958 (9th Cir. 2011) (cleaned up). As one district court explained:

> One common type of shotgun pleading comes in cases with multiple defendants where the plaintiff uses the omnibus term "Defendants" throughout a complaint by grouping defendants together without identifying what the particular defendants specifically did wrong. Another type is where the plaintiff recites a collection of general allegations toward the beginning of the Complaint, and then each count incorporates every antecedent allegation by reference .... This shotgun pleading style deprives Defendants of knowing exactly what they are accused of doing wrong.

*Shorter v. California*, 2024 WL 4644841, at *8 (C.D. Cal. Sept. 23, 2024), appeal dismissed, 2024 WL 5401931 (9th Cir. Nov. 21, 2024) (internal citation omitted).

Here, Plaintiff's Complaint improperly relies on "shotgun" style pleadings in violation of Fed. R. Civ. P. 8(a) and therefore must be dismissed. Throughout Plaintiff's Complaint, he routinely refers to "Officers," "Officer," and "Phoenix Defendants." He states that "[t]he officers" began questioning him without stating which Defendant was questioning him. Moreover, he states that "[t]he Officers" demanded he provide his state issued government identification without stating which Defendant asked for his identification. Additionally, Plaintiff asserts that "[t]he Officer" said he did not sign in as per building policy without identifying which Defendant made that statement. Finally, amongst his allegations, Plaintiff alleges that "Phoenix Defendants" deprived him of his constitutional rights, acted unreasonable, and failed to intercede or intervene. Plaintiff's Complaint fails to state with any specificity which specific Defendant took which action against him. Consequently, because Defendant Officers are unable to decipher which Officer allegedly violated which Plaintiff's constitutional right, his Complaint fails to comply with Fed. R. Civ. P. 8(a) and must be dismissed in its entirety.

…

OFFICE OF THE CITY ATTORNEY
200 W. Washington Street, Suite 1300
Phoenix, Arizona 85003-1611
(602) 262-6761

### C.    The Individual Officer Defendants are Entitled to Qualified Immunity

The United States Supreme Court has held that "[q]ualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *White v. Pauly*, 580 U.S. 73, 78-79 (2017) (internal quotation marks omitted). A right is clearly established when it is "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (emphasis added and internal quotation marks omitted). Qualified immunity thus protects "all but the plainly incompetent or those who knowingly violate the law." *Rico v, Ducart*, 980 F.3d 1292, 1298 (9th Cir. 2020), quoting *Dist. of Columbia v. Wesby*, 583 U.S. 48, 63 (2018). The plaintiff bears the burden of proof to show that a right was clearly established. *Shooter v. Arizona*, 4 F.4th 955, 961 (9th Cir. 2021). Thus, unless Plaintiff can show that each Individual Officer Defendant violated clearly established law under these specific circumstances, then qualified immunity applies.

Although "[the United States Supreme] Court's case law 'do[es] not require a case directly on point' for a right to be clearly established, 'existing precedent must have placed the statutory or constitutional question beyond debate.'" *White*, 580 U. S. at 79. This inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) (internal quotation marks omitted). In analyzing whether rights are clearly established, the Court must look to then-existing "cases of controlling authority" or, absent such cases, to a "robust consensus" of persuasive authorities. *City & Cnty. of San Francisco v. Sheehan*, 575 U.S. 600, 617 (2015); *Evans v. Skolnik*, 997 F.3d 1060, 1066 (9th Cir. 2021). The court must consider whether "the violative nature of [the defendant's] particular conduct is clearly established . . . in light of the specific context of the case.'" *Rico v. Ducart*, 980 F.3d 1292, 1298 (9th Cir. 2020), quoting *Hamby v. Hammond*, 821 F.3d 1085, 1091 (9th Cir. 2016)). The United States Supreme Court has insinuated that constitutional rights can only be clearly established with on-point Supreme Court precedent and that controlling

Circuit precedent is not sufficient to demonstrate clearly established law. *See Rivas-Villegas v. Cortesluna*, 595 U.S. 1, 5-8 (2021). Plaintiff bears the burden of demonstrating that a right was clearly established prior to the claimed unlawful conduct by the officer. See *McCrae v. City of Salem*, 2023 WL 2447438, at *5 (D. Or. Mar. 10, 2023).

Here, the Individual Officer Defendants had reasonable suspicion to stop Plaintiff after he barged into Phoenix City Hall. Furthermore, an officer can ask questions concerning a suspect's identity during a brief, investigatory stop. *Hiibel v. Sixth Judicial Dist. Ct. of Nevada, Humboldt Cty.*, 542 U.S. 177, 185 (2004) ("Our decisions make clear that questions concerning a suspect's identity are a routine and accepted part of many [investigatory] stops."). After failing to comply with the entry procedures into Phoenix City Hall, officers went to conduct further inquiry into the purpose for Plaintiff being at Phoenix City Hall. Plaintiff was asked by a lawful peace officer to provide identification—he refused and, therefore, violated A.R.S. 13-2412 for refusing to provide his truthful name.

Courts have long held that the Fourth Amendment requires probable cause before an officer may arrest an individual. *Grant v. City of Long Beach*, 315 F.3d 1081, 1089 (9th Cir. 2002). However, if it can be reasonably arguable that there was probable cause for arrest—that is, whether reasonable officers could disagree as to the legality of the arrest, then the arresting officer is entitled to qualified immunity. *Rosenbaum v. Washoe Cnty.*, 663 F.3d 1071, 1076 (9th Cir. 2011) (citing *Jenkins v. City of New York*, 478 F.3d 76, 87 (2nd Cir. 2007)); *D.C. v. Wesby*, 583 U.S. 48, 65 (2018) ("Even assuming the officers lacked actual probable cause to arrest the partygoers, the officers are entitled to qualified immunity because they reasonably but mistakenly concluded that probable cause was present.") (cleaned up). At a minimum, the Individual Officer Defendants had arguable probable cause to arrest Plaintiff after he refused to provide his truthful name.

As set forth above, the Individual Officer Defendants are entitled to qualified immunity because Plaintiffs have not met their burden of demonstrating that these officers violated their

OFFICE OF THE CITY ATTORNEY
200 W. Washington Street, Suite 1300
Phoenix, Arizona 85003-1611
(602) 262-6761

OFFICE OF THE CITY ATTORNEY
200 W. Washington Street, Suite 1300
Phoenix, Arizona 85003-1611
(602) 262-6761

clearly established constitutional rights under the Fourth and/or Fourteenth Amendments. Consequently, qualified immunity should also be granted in favor of the Individual Officer Defendants.

## III.   CONCLUSION

For the reasons set forth above, Defendants respectfully request that all claims in Plaintiff's Complaint against them be dismissed with prejudice.

## IV.   CERTIFICATION PURSUANT TO LRCIV 12.1(c)

Undersigned counsel for the Defendants certifies to the Court that before filing this Motion, they met and conferred with counsel for Plaintiff by e-mail and telephone regarding the bases on which Defendants would be seeking to dismiss the Complaint. Counsel for Plaintiff agreed to review potential amendment on the shotgun pleading issue.  However, undersigned counsel did not hear further from counsel for Plaintiff and no Amended Complaint has been filed to date. As such, the parties were unable to agree that the claims in the Complaint were curable in any part by a permissible amendment at this time.

RESPECTFULLY SUBMITTED this 25th day of March, 2026.

JULIE M. KRIEGH, City Attorney

By _s/ Casey W. Martin_____
    Casey W. Martin
    Benjamin J. Barr
    Assistant City Attorney
    *Attorneys for Defendants City of Phoenix,*
    *Michael Jones, Lane White, and Sergeant Lutz*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 25, 2026 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing sent by email to the following, who is a participant of the CM/ECF System:

MILLS + WOODS LAW, PLLC
Sean A. Woods
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
docket@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiff*


By: _s/ M. Elena Sandoval_____
4903-9370-3318, v. 2

OFFICE OF THE CITY ATTORNEY
200 W. Washington Street, Suite 1300
Phoenix, Arizona 85003-1611
(602) 262-6761

8