Robert T. Mills (Arizona Bar #018853)
Sean A. Woods (Arizona Bar #028930)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Gary Steiner, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>City of Phoenix, a governmental entity; Michael Jones, an individual; Lane White, an individual; Sergeant Lutz #09410, an individual, and; John and Jane Does I-X,<br><br>Defendants. | No.: CV-26-00280-PHX-SHD (JZB)<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>(Assigned to the Honorable Sharad H. Desai and referred to the Honorable John Z. Boyle) |

## I.     INTRODUCTION

Defendants seek dismissal of Plaintiff Gary Steiner's ("Plaintiff's" or "Gary's") Complaint on two narrow procedural grounds, neither of which has merit. The Motion ignores the substance of what is alleged: that on September 30, 2024, Phoenix Police Officers chased a licensed process server from a public building as he was lawfully completing service on an officer of the court, detained him without reasonable suspicion of any crime, handcuffed and searched him without reasonable suspicion of a crime or that he was in any way armed and dangerous, and then—after huddling together for five to seven minutes to invent a justification—charged him under A.R.S. § 13-2412(A), a statute that, by its plain terms, applies only when the person is "lawfully detained" and refuses to

state his "true full name." Gary was not lawfully detained, and Gary did state his name. The City Prosecutor agreed: the charge was dismissed at the initial appearance ten days later.

Defendants' first ground—that the Complaint engages in "shotgun pleading"—mistakes concerted conduct for collective pleading. Each Officer Defendant is named individually, identified by badge number, and alleged to have participated in a single, continuous encounter. The Ninth Circuit has held that pleading the joint actions of named officers is permitted, and that officers acting jointly may be held individually liable as "integral participants" in a constitutional violation. *See Keates v. Koile*, 883 F.3d 1228, 1241-42 (9th Cir. 2018); *Cunningham v. Gates*, 229 F.3d 1271, 1289-90 (9th Cir. 2000).

Defendants' second ground—qualified immunity—fails at the pleading stage. The Ninth Circuit has emphasized that "determining claims of qualified immunity at the motion-to-dismiss stage raises special problems for legal decision making," and that dismissal is not appropriate unless the court can determine, based on the complaint itself, that qualified immunity applies. *See Keates*, 883 F.3d at 1234–35. On the face of the Complaint, qualified immunity does not apply: Defendants' reliance on *Hiibel v. Sixth Judicial District Court*, 542 U.S. 177 (2004), is misplaced because *Hiibel* rested on a Terry stop supported by reasonable suspicion of criminal activity and required only that the suspect state his name. The Complaint alleges neither predicate was present here. And A.R.S. § 13-2412 itself requires lawful detention based on "reasonable suspicion that the person has committed, is committing or is about to commit a crime"— allegations the Complaint expressly negates.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

2

Finally, Defendants' Motion is silent as to several claims and one defendant entirely. The Motion advances no argument as to Defendant City of Phoenix, and no argument as to Counts III (Negligence/Gross Negligence), IV (Intentional Infliction of Emotional Distress), V (Battery), or VI (Malicious Prosecution). Those claims and that defendant are not properly before the Court on this Motion, and dismissal of the Complaint "in its entirety," Mot. at 4, would be improper. At a minimum, if any portion of the Complaint is found wanting, leave to amend should be granted with the "extreme liberality" the Ninth Circuit requires. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

## II.    **FACTUAL ALLEGATIONS**

On a Rule 12(b)(6) motion, the Court must accept all well-pled allegations of the Complaint as true and draw all reasonable inferences in Plaintiff's favor. The Complaint alleges the following.

Plaintiff Gary is a licensed Arizona process server. Compl. ¶ 17. On September 30, 2024, he was serving court documents on the City at Phoenix City Hall, as he had done many times before without incident. *Id.* ¶¶ 18–19. After serving the documents on the fifteenth floor, he turned around, entered the elevator, rode down to the lobby, and left the building. *Id.* ¶¶ 26–27.

As Gary walked to his car, he was "chased down by multiple officers including the Phoenix Defendants"—Defendants Jones (Badge No. 07745), White (Badge No. 06356), and Sergeant Lutz (Badge No. 09410), each named and identified by badge number. *Id.* ¶¶ 8–10, 28. The officers prevented him from leaving and began questioning him. *Id.* ¶¶ 29–

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

3

30. Gary identified himself as a private process server and an officer of the court. *Id.* ¶ 31. When the officers asked for identification, he produced his State-issued Process Server ID. *Id.* ¶ 33. The officers nonetheless demanded "state issued government identification," and Gary responded that he had just provided exactly that. *Id.* ¶¶ 34–35. The officers then demanded a driver's license. *Id.* ¶ 36.

Gary repeatedly asked whether he was being charged with a crime. *Id.* ¶¶ 37, 40. The officers' response was that he could be charged with "trespassing at City Hall" for failing to comply with an internal building sign-in policy. *Id.* ¶¶ 38, 41. Gary explained, accurately, that he was an officer of the court executing court duties and could not be "trespassed" from a public building absent a crime. *Id.* ¶ 39.

Unable to articulate any crime he had committed, the officers "stepped away to discuss it for 5–7 minutes, then still handcuffed him and began to search him." *Id.* ¶ 44. Plaintiff was not read his Miranda rights. *Id.* ¶ 46. Ultimately, Plaintiff was charged with violating A.R.S. § 13-2412(A)—"refusing to provide [a] truthful name when lawfully detained"—the only charge brought against him. *Id.* ¶¶ 47–48, 71. The Complaint expressly alleges that Gary was not lawfully detained, *id.* ¶ 49, and that he did provide his truthful name, *id.* ¶ 72.

The City Prosecutor dismissed the charge at Gary's initial appearance on October 10, 2024. *Id.* ¶¶ 53–54. Plaintiff served a Notice of Claim on Defendants in compliance with A.R.S. § 12-821.01, and more than sixty days passed without a substantive response. *Id.* ¶ 3.

///

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

## III.    LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). The Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor.

Where a motion to dismiss is granted, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (cleaned up). Federal Rule of Civil Procedure 15(a)'s liberal amendment policy is to be applied with "extreme liberality." *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

## IV.    ARGUMENT

### A.    The Complaint Satisfies Rule 8(a) Because It Names Each Officer Individually and Pleads Concerted Conduct.

Defendants argue that the Complaint engages in "shotgun pleading" by referring to the officers collectively as "the Officers" or "Phoenix Defendants." Mot. at 3–4. That mischaracterizes both the Complaint and the law. The Complaint names each officer individually—Defendant Michael Jones (Badge No. 07745), Defendant Lane White (Badge No. 06356), and Sergeant Lutz (Badge No. 09410)—and then alleges that they engaged in concerted conduct as part of a single, continuous police encounter. *See* Compl. ¶¶ 8–10, 28–46. Pleading concerted conduct by named officers is not the same as failing to identify defendants.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

5

The Ninth Circuit has rejected the very argument Defendants press here. In *Keates v. Koile*—the case Defendants quote on the first page of their argument—the court reversed in part the dismissal of § 1983 claims, holding "that defendants can be liable for 'integral participation' even if the actions of each defendant do not 'rise to the level of a constitutional violation.'" 883 F.3d at 1241-42 (quoting *Boyd v. Benton County*, 374 F.3d 773, 780 (9th Cir. 2004)). Recalling *Boyd*, the *Keates* court reasoned that "[a]lthough a single officer threw the device into the apartment, we held that the other officers involved in the operation were [also liable] because: they stood armed behind the individual deploying the flash-bang" and because the operation was one "in which every officer participated in some meaningful way." *Id.* at 1241.

That is precisely what the Complaint alleges here. It alleges that all three named Officer Defendants chased him down together, Compl. ¶ 28, prevented him from leaving, *id.* ¶ 29, questioned him together, *id.* ¶ 30, demanded identification, *id.* ¶¶ 32, 34, 36, threatened him with a fictitious trespass charge, *see id.* ¶ 38, conferred among themselves for five to seven minutes about how to charge him, *id.* ¶ 44, and ultimately handcuffed and searched him, *id.* On these allegations, each named Officer Defendant was an integral participant in the unlawful seizure. *See Cunningham v. Gates*, 229 F.3d 1271, 1289–90 (9th Cir. 2000).

Equally well-established is the Ninth Circuit's recognition that an officer who fails to intercede in a fellow officer's constitutional violation is independently liable. *See United States v. Koon*, 34 F.3d 1416, 1447 n.25 (9th Cir. 1994). The Complaint expressly invokes this doctrine: "[t]he remaining Phoenix Defendants failed to intercede or intervene to

Mills + Woods Law, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

prevent their fellow officers from using unwarranted tactics to illegally search and seize Gary's person." Compl. ¶ 59. A failure-to-intercede claim necessarily turns on group conduct, and pleading it does not violate Rule 8.

Defendants' own authority confirms that what is required is differentiation among unrelated defendants, not the suppression of allegations of joint conduct. In *Destfino v. Reiswig*, 630 F.3d 952 (9th Cir. 2011), the Ninth Circuit affirmed dismissal of a complaint that lumped together unrelated lenders, mortgage brokers, and other defendants alleged to have participated in a sprawling "mortgage fraud scheme." *See id.* at 958. Similarly, the unpublished district-court decision in *Shorter v. California*, 2024 WL 4644841 (C.D. Cal. Sept. 23, 2024), is described in the Motion itself as addressing complaints in which "plaintiff[s] use[] the omnibus term 'Defendants' throughout a complaint by grouping defendants together without identifying what the particular defendants specifically did wrong." Mot. at 4 (quoting *Shorter* at *8). Neither describes the Complaint here, which identifies three named officers as participants in a single, time-bounded encounter.

What matters under *Iqbal* is whether the complaint provides "fair notice" and pleads "the plaintiff's grounds for entitlement to relief." *See* 556 U.S. at 678 (cleaned up). The Complaint here gives Defendants more than fair notice: it identifies each defendant by name and badge number, pinpoints the date and location, identifies the predicate statute charged, and alleges in detail what the officers did together and what each refused to do (intercede). Defendants are not left guessing what they are accused of—they are accused of the same single course of conduct, which they undertook jointly. Rule 8 demands no more.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

### B. The Individual Officer Defendants Are Not Entitled to Qualified Immunity on the Face of the Complaint.

At the Rule 12(b)(6) stage, the Court considers only the allegations of the Complaint, and "[d]etermining claims of qualified immunity at the motion-to-dismiss stage raises special problems for legal decision making." *Keates*, 883 F.3d at 1234. When, as here, defendants assert qualified immunity in a motion to dismiss, dismissal is not appropriate unless the court can determine, based on the complaint itself, that qualified immunity applies. *See id.* at 1235. "If the operative complaint 'contains even one allegation of a harmful act that would constitute a violation of a clearly established constitutional right,' then plaintiffs are 'entitled to go forward' with their claims." *Id.* (quoting *Pelletier v. Fed. Home Loan Bank of San Francisco*, 968 F.2d 865, 872 (9th Cir. 1992)). The Ninth Circuit in *Keates* partially reversed the district court's dismissal of constitutional claims on qualified-immunity grounds at the 12(b)(6) stage. *Id.* at 1240-41.

Accepting the Complaint's allegations as true, qualified immunity does not apply on this record—both because the Officer Defendants violated clearly established Fourth Amendment law and because the predicate they invoke (alleged violation of A.R.S. § 13-2412) cannot bear the weight Defendants place on it.

Defendants' qualified-immunity argument rests largely on *Hiibel v. Sixth Judicial District Court*, 542 U.S. 177 (2004). *See* Mot. at 6. *Hiibel*, however, is materially different in three respects.

First, the stop in *Hiibel* was supported by reasonable suspicion of criminal activity—a domestic-assault report. 542 U.S. at 180–81. The Complaint here alleges the opposite: the Officer Defendants pursued and detained Gary without any reasonable suspicion of

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

crime, and when he repeatedly asked what crime they suspected, the only response they could articulate was an internal building sign-in "policy" for which there is no Arizona criminal statute. *See* Compl. ¶¶ 37–41, 49.

Second, the Nevada statute in *Hiibel* required only disclosure of name—nothing more. 542 U.S. at 185. Arizona's statute is the same: A.R.S. § 13-2412(A) requires only that a lawfully-detained person "state the person's true full name." Plaintiff did exactly that. *See* Compl. ¶¶ 31, 35, 72. The officers' demand for a driver's license, *id.* ¶ 36, exceeded what either *Hiibel* or the Arizona statute permits.

Third, *Hiibel* approved a state's authority to require disclosure of identity when reasonably suspected of criminal activity. *See* 542 U.S. at 188. The Complaint alleges the officers were not investigating any criminal activity—only a perceived violation of an internal building procedure. *See* Compl. ¶¶ 41–43.

The Arizona statute the officers invoked does not apply on the alleged facts. A.R.S. § 13-2412(A) provides, in relevant part:

> It is unlawful for a person, after being advised that the person's refusal to answer is unlawful, to fail or refuse to state the person's true full name on request of a peace officer who has lawfully detained the person based on reasonable suspicion that the person has committed, is committing or is about to commit a crime. A person detained under this section shall state the person's true full name, but shall not be compelled to answer any other inquiry of a peace officer.

The statute requires three things absent on the alleged facts: (a) lawful detention; (b) reasonable suspicion of "a crime" (not a building policy); and (c) a refusal by the person to state his true full name. The Complaint alleges that none of those preconditions was satisfied. *See* Compl. ¶¶ 33, 35 (Plaintiff produced state-issued process-server

9

identification); ¶ 49 (Plaintiff was not lawfully detained); ¶ 72 (Plaintiff did provide his truthful name). Where the predicate offense itself fails on the face of the Complaint, no "arguable probable cause" analysis can rescue the arrest at the pleading stage.

The right to be free from detention without reasonable suspicion one has committed a crime was clearly established at the time of the incident. *See Morgan v. Woessner*, 975 F.2d 629, 643 (9th Cir. 1992). In addition, the right not to be searched by a police officer without reasonable suspicion that one is armed and dangerous was also clearly established. *See Thomas v. Dillard*, 818 F.3d 864, 887 (9th Cir. 2016). I.e., as of September 30, 2024, it was clearly established that a person who had committed no crime, who had identified himself by name and produced state-issued identification, against whom officers could articulate only a violation of an internal building policy, and whom officers had absolutely no grounds to believe was armed and dangerous, could not be lawfully detained, searched, or arrested. The officers' own conduct confirms awareness of the problem: as the Complaint alleges, they "stepped away" to discuss for five to seven minutes precisely because they "knew they could not charge Gary with an underlying crime." Compl. ¶ 44. Officers who recognize they have no probable cause or reasonable suspicion and who proceed nonetheless are not "mistaken" in any way that qualified immunity protects.

Qualified immunity is, in any event, premature. Even where a qualified-immunity question is close on the pleadings, the Ninth Circuit has counseled discovery rather than dismissal. *See Keates*, 883 F.3d at 1234–35. The Complaint plausibly alleges a violation of clearly established law. At minimum, the Officer Defendants are not entitled to qualified immunity on the face of the Complaint.

10

**C.      Defendants Do Not Move to Dismiss Defendant City of Phoenix or Counts III–VI.**

Although the Motion's Conclusion asks the Court to dismiss "all claims in Plaintiff's Complaint," Mot. at 7, the body of the Motion advances no argument as to (i) Defendant City of Phoenix or (ii) Counts III (Negligence and Gross Negligence), IV (Intentional Infliction of Emotional Distress), V (Battery), or VI (Malicious Prosecution).

As to the City: Defendants' qualified-immunity argument by its terms applies only to "the Individual Officer Defendants." Mot. at 5–7. "A municipality is not entitled to assert the defense of qualified immunity." *Hernandez v. City of San Jose*, 897 F.3d 1125, 1139 (9th Cir. 2018). (Defendants' Rule 8(a) argument also fails as to the City: the Complaint identifies the City as a separate defendant and pleads, among other theories, vicarious liability for state-law claims under respondeat superior.) *See* Compl. ¶¶ 7, 12, 80.

As to Counts III–VI: Defendants do not address the elements of negligence, IIED, battery, or malicious prosecution under Arizona law. Counts III–VI are state-law claims that do not depend on § 1983 pleading rules, and are not subject to a federal qualified-immunity defense. Those claims are not before the Court on this Motion.

**D.      In the Alternative, Plaintiff Should Be Granted Leave to Amend.**

If the Court concludes that any portion of the Complaint requires more particularized allegations as to which Officer Defendant did what, the appropriate remedy is leave to amend, not dismissal with prejudice. The Ninth Circuit's leave-to-amend policy is to be applied with "extreme liberality." *Eminence Capital*, 316 F.3d at 1051. "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." *Id.* at 1052. And the Ninth Circuit "ha[ve]

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

repeatedly held that 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez*, 203 F.3d at 1130 (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Defendants' own LRCiv 12.1(c) certification confirms that amendment was contemplated: counsel for Plaintiff agreed to review potential amendment on the shotgun-pleading issue. Mot. at 7. The contemporaneous Phoenix Police Department incident report (which Defendants have produced and which would be incorporated into any amended complaint) identifies each officer's specific role: Officer Lane White (Badge No. 06356) was the reporting officer who repeatedly demanded identification and physically applied handcuffs; Officer Michael Jones (Badge No. 07745) was the arresting officer who removed property from Plaintiff's pants and signed the citation; and Sergeant Lutz (Badge No. 09410) supervised the encounter and directed the arrest. Plaintiff is prepared to file a First Amended Complaint pleading those specifics. Amendment would not be futile, would cause no prejudice, and is sought in good faith and at the earliest opportunity.

## V.    **CONCLUSION**

The Motion should be denied. In the alternative, if the Court determines that any portion of the Complaint must be repleaded, Plaintiff respectfully requests leave to file a First Amended Complaint.

///

///

///

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

12

**RESPECTFULLY SUBMITTED** this 4th day of May 2026.

**MILLS + WOODS LAW, PLLC**


By    /s/ Sean A. Woods
        Robert T. Mills
        Sean A. Woods
        5055 North 12th Street, Suite 101
        Phoenix, AZ 85014
        *Attorneys for Plaintiff*


### CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2026, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Casey Martin
casey.martin@phoenix.gov
maria.sandoval@phoenix.gov
Benjamin J. Barr
benjamin.barr@phoenix.gov
tanika.sherman@phoenix.gov
**OFFICE OF THE CITY ATTORNEY**
**JULIE M. KRIEGH, CITY ATTORNEY**
law.civil.minute.entries@phoenix.gov
200 W Washington, Ste. 1300
Phoenix, AZ 85003-1611
(602) 262-6761
*Attorneys for Defendants*


        /s/ Ben Dangerfield

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

13