SKC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Gary Steiner,
Plaintiff,
v.
Phoenix, City of, et al.,
Defendants.

No. CV-26-00280-PHX-SHD (JZB)

**ORDER**

Plaintiff Gary Steiner, who is represented by counsel, brought this civil rights action pursuant to 42 U.S.C. § 1983. Defendants the City of Phoenix and City of Phoenix Police Officers Michael Jones, Lane White, and Sergeant Lutz ("Officer Defendants") have filed a Motion to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 10.) The Motion is fully briefed. (Docs. 15, 18.) The Court will deny the Motion.

## I. Background[1]

Plaintiff is a licensed and practicing process server in Arizona. (Doc. 1-1 ¶ 17.) On September 30, 2024, Plaintiff was serving court documents on the City of Phoenix at Phoenix City Hall, where he has previously served individuals and the City on numerous occasions without incident. (*Id.* ¶¶ 18, 19.)

---

[1] For purposes of evaluating the Motion, the Court accepts all allegations in the Complaint as true.

Upon arrival, Plaintiff headed to the elevators to get to the 15th floor, and a security guard told him he needed to sign in and make an appointment. (*Id.* ¶¶ 20–21.) Plaintiff declined, said he was a process server, and showed his documents and process server identification, which he wears on his pants in a magnetic holder. (*Id.* ¶ 22.) He then proceeded to the elevators. (*Id.* ¶ 23.)

Upon Plaintiff's arrival on the 15th floor, employees began to yell at Plaintiff, saying he did not follow their procedure, and they refused service. (*Id.* ¶¶ 23, 24.) Plaintiff explained that Arizona is a "drop service" state, so there is no opportunity to decline service, and he placed the documents on the counter and announced they had been served. (*Id.* ¶¶ 25–26.) He then turned around and entered the elevator, followed by the head of the Clerk's Office, and he took the elevator back down to the lobby and left the building. (*Id.* ¶ 27.)

As he was walking to his car, Plaintiff was chased down by multiple officers, including "Phoenix Defendants." (*Id.* ¶ 28.)[2] The officers prevented Plaintiff from leaving and began questioning him. (*Id.* ¶¶ 29–30.) Plaintiff said he was a private process server and an officer of the court. (*Id.* ¶ 31.) The officers asked for identification because they said Plaintiff was trespassing. (*Id.* ¶ 32.) Plaintiff provided his state-issued process server's ID. (*Id.* ¶ 33.) The officers demanded he produce state-issued government identification, and Plaintiff told them he just did. (*Id.* ¶¶ 34–35.)

The officers then demanded Plaintiff's driver's license, and Plaintiff told them he did not have to provide that identification unless they were charging him with a crime, and he asked if they were charging him with a crime. (*Id.* ¶¶ 35–37.) The officers stated that they could charge him with trespassing at City Hall. (*Id.* ¶ 38.) Plaintiff responded that they could not charge him with trespassing because he was an officer of the court conducting official court duties, and he again asked what crime he had committed. (*Id.*

---

[2] In the "Parties" section of the Complaint, Plaintiff states that "for brevity's sake," Defendants Jones, White, and Lutz "will be collectively referred to as 'Phoenix Defendants' unless otherwise necessary to list them individually." (*Id.* ¶ 11)

¶¶ 39–40.) "The Officer" said Plaintiff did not sign in per building policy, and Plaintiff asked if there was "an A.R.S. code" for that policy and if the officers were "law enforcement" or "policy enforcement." (*Id.* ¶¶ 41–43.)

After repeatedly demanding an ID, the officers apparently became frustrated that they could not charge Plaintiff with a crime, and they stepped away "to discuss it" for about 5 to 7 minutes. (*Id.* ¶ 44.) At some point, the officers handcuffed Plaintiff and began to search him. (*Id.*) They continued to question him throughout this process, but they never read him his *Miranda* rights. (*Id.* ¶¶ 45–46.) At the end of the encounter, Plaintiff was charged with violating Arizona Revised Statutes § 13-2412(A) for refusing to provide his truthful name. (*Id.* ¶ 47.) The incident report of the encounter lists the offense as "REFUSE TO PROVIDE TRUTHFUL NAME – LAWFULLY DETAINED." (*Id.* ¶ 48.)

The above charges were sent to the City Prosecutor's Office, which initiated case number M-0741-PX-5894400. (*Id.* ¶¶ 51–52.) Plaintiff's counsel in the matter attended the initial appearance and spoke to the prosecutor, and the prosecutor immediately dismissed the charges. (*Id.* ¶¶ 53–54.)

Plaintiff brings the following claims: in Count I, Fourth and Fourteenth Amendment unlawful search and seizure claims against "Phoenix Defendants" (i.e., Defendants Jones, White, and Lutz (*see id.* ¶ 11)); in Count II, Fourth and Fourteenth Amendment false arrest/imprisonment claims against Phoenix Defendants; in Count III, negligence and gross negligence claims against "all Defendants"; in Count IV, intentional infliction of emotional distress claims against "Phoenix Defendants, City [vicarious liability]"; in Count V, battery claims against Phoenix Defendants; and in Count VI, malicious prosecution claims against "all Defendants."

## II. Rule 12(b)(6) Legal Standard

Dismissal of a complaint, or any claim within it, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121–22 (9th Cir. 2008) (quoting

*Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990)). In determining whether a complaint states a claim under this standard, the allegations in the complaint are taken as true and the pleadings are construed in the light most favorable to the nonmovant. *Outdoor Media Grp, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). But "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, a complaint must state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Twombly*, 550 U.S. at 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

As a general rule, when deciding a Rule 12(b)(6) motion, the court looks only to the face of the complaint and documents attached thereto. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). If a court considers evidence outside the pleading, it must convert the Rule 12(b)(6) motion into a Rule 56 motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003). A court may, however, consider documents incorporated by reference in the complaint or matters of judicial notice without converting the motion to dismiss into a motion for summary judgment. *Id.*

## III. Discussion

In their Motion to Dismiss, Defendants do not argue that Plaintiff fails to allege sufficient facts to meet the elements of any of the above claims. Instead, Defendants move to dismiss "all claims" on the grounds that (1) the Complaint relies on "group pleading," in violation of Rule 8(a) of the Federal Rules of Civil Procedure, and (2) the individual Officer Defendants are entitled to qualified immunity. (Doc. 10 at 1.)

### A. Group Pleading

Because there is no vicarious liability under § 1983, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Keates v. Koile*, 883 F.3d 1228, 1242 (9th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 676) (internal quotation marks omitted). (Doc. 10 at 3.) Under this standard, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Thus, when a group of individuals is involved in the alleged violation, the individual defendants cannot be held liable under 42 U.S.C. § 1983 just because they were part of the group "unless they were integral participants in the unlawful conduct." *Keates*, 883 F.3d at 1241 (citing *Chuman v. Wright*, 76 F.3d 292, 295 (9th Cir. 1996) (finding in the jury instruction context that "[t]he underlying problem with a 'team effort'" theory of liability is that "[i]t removes individual liability as the issue and allows a jury to find a defendant liable . . . even if the defendant had no role in the unlawful conduct")).

Applying Rule 8(a)'s requirement that "a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief" to this standard, a § 1983 plaintiff must "allege overt acts with some degree of particularity such that his claim is set forth clearly enough to give defendants fair notice" of the allegations against them. *Ortez v. Washington Cnty.*, 88 F.3d 804, 810 (9th Cir. 1996). "Broad allegations against numerous defendants are not specific enough to provide the defendants with notice of the plaintiffs' allegations," *Sheffield v. Orius Corp.*, 211 F.R.D. 411, 415 (D. Or. 2002), and it is improper to lump multiple defendants together under a broad theory of liability without adequately identifying what each defendant did. *See Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (dismissing claim for alleged discriminatory contract award where "all defendants [we]re lumped together in a single, broad allegation" and the plaintiff failed to state "with any specificity how each . . . defendant allegedly deprived him of a right secured by the Constitution").

In their Motion, Defendants rely on *Destfino v. Reiswig*, 630 F.3d 952 (9th Cir. 2011), in which the Ninth Circuit affirmed the dismissal of the plaintiffs' fraud claim based on the lack of specificity in their broad allegations against all defendants, to argue that dismissal on this basis is also warranted here. (Doc. 10 at 3−4.) Defendants argue that, as in *Destfino*, Plaintiff improperly relies on "shotgun pleading" because, throughout the complaint, he repeatedly refers to "Officers," "Officer," and "Phoenix Defendants," without stating which Defendant was allegedly questioning him, which Defendant demanded he produce a state-issued ID, or which Defendant stated he failed to sign in per building policy, and he "fails to state with any particularity which specific Defendant took which action against him." (Doc. 10 at 4.) Defendants argue that, because of this, they "are unable to decipher which Officer allegedly violated which [of] Plaintiff's constitutional right[s]," and his Complaint must be dismissed "in its entirety" for failure to comply with Rule 8(a). *Id.*

Defendants' arguments are unpersuasive. In *Destfino*, the plaintiffs sued twenty-nine individuals, ten businesses, and a church based on these defendants' alleged participation in a bogus debt elimination and tax avoidance scheme, which allegedly defrauded plaintiffs out of tens of thousands of dollars, without alleging what each Defendant allegedly did to defraud plaintiffs. 630 F.3d at 954. In upholding the dismissal of these claims for lack of specificity, the Ninth Circuit cited Rule 9(b), which requires that, when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." *Id.* at 958. The court also noted that the District Court explained in its order dismissing the first amended complaint with leave to amend that the plaintiffs had "grouped multiple defendants together and failed to 'set out which of the defendants made which of the fraudulent statements/conduct,'" and it instructed the plaintiffs that they must "'state[] clearly how each and every defendant is alleged to have violated plaintiffs' legal rights,'" yet the plaintiffs failed to comply with this requirement. *Id.*

As an initial matter, Plaintiff has not alleged any fraudulent schemes to which the

particularity requirements of Rule 9(b) apply. Additionally, Plaintiff's claims are not predicated on sweeping and unspecific allegations of fraud or other broadly stated misconduct by multiple and diverse actors but on a single arrest incident in which all three of the named Officer Defendants allegedly participated. Plaintiff's theories of liability—unlawful search and seizure and false arrest—are also clearly articulated and supported by specific allegations and are therefore not based merely on an "unadorned, the-defendant-unlawfully-harmed-me accusation" or on "'naked assertion[s]' devoid of further factual enhancement" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Plaintiff's allegations are, at times, imprecise. In the factual allegation section of the Complaint, Plaintiff alleges that he was "chased down by multiple officers, including the Phoenix Defendants," implying that other officers besides the Phoenix Defendants were also present, but Plaintiff does not separately identify any other officers.[3] Following this, Plaintiff only refers to "the Officers" collectively, and in one allegation, he refers to an individual officer only as "the Officer." (Doc. 1-1 ¶ 41.) In context, however, it is apparent that the "multiple officers" referenced include Defendants Jones, White, and Lutz, whom Plaintiff collectively identifies as "Phoenix Defendants" and names as Defendants to all counts. As such, the Complaint does not fail to state a § 1983 claim or fail to provide Defendants "fair notice of what . . . the claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93; *see Sheffield*, 211 F.R.D. at 415 ("The complaint provides defendants with notice of the allegations against them, the parties bringing the action, the dates of the alleged violations and the legal theories upon which plaintiffs rely. Any more information would be more appropriately determined through the discovery process. The

---

[3] In the "Parties" section of the Complaint, Plaintiff names as a Defendant the City of Phoenix, which he identifies as "a governmental entity that acts by and through its officials, employees, and agents, including . . . the Phoenix Police Department, and each of the other Defendants in this action except for Defendants Humberto Gonzalez-Rios and Jane Doe Gonzalez-Rios." (Doc. 1-1 ¶ 7.) Although this allegation suggests that at least one other officer, Humberto- Gonzalez-Rios, was also present (and apparently did not work for the City), Plaintiff does not separately identify Gonzalez-Rios as a party to this action or name him as a Defendant to any of his claims.

complaint is not so vague or incomprehensible that defendants are precluded from responding.”).

Based on the above, the Court will deny Defendants’ Motion to Dismiss to the extent it is predicated on alleged improper group pleading.

**B. Qualified Immunity**

Qualified immunity protects government officials from civil liability unless their conduct violates “clearly established statutory or constitutional rights of which a reasonable person would have known.” *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In the Fourth Amendment context, law enforcement officers are entitled to qualified immunity where they “reasonably but mistakenly believe that probable cause is present.” *Anderson v. Creighton*, 483 U.S. 635, 641 (1987); *see also Act Up!/Portland v. Bagley*, 988 F.2d 868, 872 (9th Cir. 1993) (finding under the “reasonable suspicion” standard that officers are immune to liability “[i]f a reasonable officer could have believed [his] actions were justified . . . notwithstanding that reasonable officers could disagree on this issue”). Qualified immunity shields “all but the plainly incompetent or those who knowingly violate the law.” *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Thus, qualified immunity applies unless “it is obvious that no reasonably competent officer would have concluded” that probable cause existed to support the arrest. *Id.*

When a motion to dismiss raises qualified immunity as a defense, courts assess whether the operative complaint alleges sufficient facts, taken as true, to withstand qualified immunity. *Keates*, 883 F.3d at 1235. Further, “[i]f the operative complaint ‘contains even one allegation of a harmful act that would constitute a violation of a clearly established constitutional right,’ then plaintiffs are ‘entitled to go forward’ with their claims.” *Id.* (quoting *Pelletier v. Fed. Home Loan Bank of San Francisco*, 968 F.2d 865, 872 (9th Cir. 1992)).

Defendants argue that the individual Officer Defendants are entitled to qualified immunity because “[a]t a minimum, the Individual Officer Defendants had arguable probable cause to arrest Plaintiff after he refused to provide his truthful name.” (Doc. 10

at 6.) This argument is flawed because, at the motion to dismiss stage, the Court must take Plaintiff's allegations as true, and taking the allegations in the Complaint as true, Plaintiff ***did not*** refuse to provide his truthful name. Rather, he provided the officers with his state-issued process server ID. (Doc. 1-1 ¶¶ 33–35.) Construing these facts and associated inferences in Plaintiff's favor, Plaintiff provided a process server ID containing Plaintiff's lawful name. On these facts, no reasonable officer would have believed he had probable cause to arrest Plaintiff for refusing to provide his legal name under Arizona Revised Statute § 13-2412(A), which does not expressly require a lawfully detained suspect to produce a driver's license, but instead states,

> It is unlawful for a person, after being advised that the person's refusal to answer is unlawful, to fail or refuse to state the person's true full name on request of a peace officer who has lawfully detained the person based on reasonable suspicion that the person has committed, is committing or is about to commit a crime. A person detained under this section shall state the person's true full name, but shall not be compelled to answer any other inquiry of a peace officer.

Ariz. Rev. Stat. § 13-2412(A).

The Court disregards Plaintiff's allegation that he was not lawfully detained when the officers requested to see a state-issued ID, (*see* Doc. 1-1 ¶ 49), as an improper legal conclusion. Nonetheless, Plaintiff alleges sufficient facts from which to plausibly conclude that the officers did not have probable cause to arrest him, either (a) for trespassing, because he had already shown them his process server ID demonstrating he had a legal right to be in the building,[4] or (b) for failure to provide his legal name because his process server ID was a state-issued identification card that contained his legal name.

Based on the above, no reasonable officer would have believed he had probable cause to arrest Plaintiff for a criminal violation or to conduct a search incident to arrest.

---

[4] Arizona law defines criminal trespass as "knowingly entering or remaining unlawfully on any real property after a reasonable request to leave by a law enforcement officer, the owner or any other person having lawful control over such property . . ." Ariz. Rev. Stat. § 13-1502.

Although, with further factual development, Defendants may be able to show that their actions were justified, taking the facts alleged in the Complaint as true and construing them in Plaintiff's favor, as the Court must, Defendants are not entitled to qualified immunity at the pleading stage, and the Court will deny their Motion to Dismiss to the extent it is premised on qualified immunity.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendants' Motion to Dismiss (Doc. 10), and the Motion is **denied**.

(2) Defendants must **answer** the Complaint within the time provided by the applicable provisions of Rule 12(a)(4) of the Federal Rules of Civil Procedure.

Dated this 3rd day of November, 2026.

Honorable Sharad H. Desai
United States District Judge