**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Gary Steiner,

Plaintiff,

v.

City of Phoenix, et al.,

Defendants.

No. CV-26-00280-PHX-SHD (JZB)

**ORDER SETTING RULE 16 CASE MANAGEMENT CONFERENCE**

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, the Court sets a Case Management Conference for **DECEMBER 7, 2026**, at **11:00 A.M.** in Courtroom 302, Sandra Day O'Connor U.S. Courthouse, 401 W. Washington St., Phoenix, Arizona 85003. In preparation for this Case Management Conference, **IT IS ORDERED**:

A. Initial Disclosures

The parties shall provide initial disclosures in the form, and on the schedule, required by Rule 26(a) of the Federal Rules of Civil Procedure. The parties must file with the Clerk of the Court a Notice of Initial Disclosures; the parties shall not file copies of the actual disclosures.

B. Rule 26(f) Meeting and Joint Case Management Report

The parties shall meet and confer at least 14 days before the Case Management Conference as required by Rule 26(f) of the Federal Rules of Civil Procedure. At this Rule 26(f) meeting, the parties shall develop a Joint Case Management Report that contains the following information in separately numbered paragraphs:

1. The parties who attended the Rule 26(f) meeting and assisted in developing the Joint Case Management Report;

2. A short statement of the nature of the case (3 pages or fewer), including a description of each claim and defense;

3. A description of the principal factual and legal disputes in the case;

4. The jurisdictional basis for the case, citing specific jurisdictional statutes;[1]

5. Any parties that have not been served and an explanation of why they have not been served, and any parties that have been served but have not answered or otherwise appeared. Unless counsel can otherwise show cause, an order shall accompany the joint report dismissing any fictitious or unnamed parties, any party that has not been served, or appropriate pleadings seeking default judgment on any non-appearing party.

6. A statement of whether any party expects to add additional parties to the case or otherwise to amend pleadings (the Court will set a deadline of no later than 60 days after the Case Management Conference to join parties or amend pleadings);

7. A list of contemplated motions and a statement of the issues to be decided by these motions (including motions under Rules 702, 703, 704, and 705 of the Federal Rules of Evidence);

8. The status of related cases pending before other courts or other judges of this Court;

9. A statement of when the parties exchanged initial disclosures as required by Rule 26(a) of the Federal Rules of Civil Procedure;

10. A discussion of necessary discovery, including:

a. the extent, nature, and location of discovery anticipated by the parties;

b. Suggested changes, if any, to the discovery limitations imposed by the

---

[1] If jurisdiction is based on diversity, the parties shall include a statement of the citizenship of every party and the amount in dispute. *See* 28 U.S.C. § 1332. The parties are reminded that (1) a corporation is a citizen of the state where it is incorporated and the state of its principal place of business and (2) partnerships and limited liability companies are citizens of every state in which one of their members or partners resides. *See* 28 U.S.C. § 1332(c); *Indus. Tectonics v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

Federal Rules of Civil Procedure; and

c. The number of hours permitted for each deposition, unless extended by agreement of the parties.

11. A discussion of any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced;

12. A discussion of any issues relating to claims of privilege or work product;

13. Proposed specific dates for each of the following (deadlines should fall on a Friday unless impracticable):

a. A deadline for the completion of fact discovery;[2]

b. Deadlines for disclosures of expert testimony under Rule 26(a)(2)(A)-(E) of the Federal Rules of Civil Procedure;

c. A deadline for completion of all expert depositions;

d. A deadline for filing dispositive motions; and

e. A date by which the parties must engage in good faith settlement talks.

f. If either party is presenting their case as a collective action or class action, the parties shall include deadlines for filing motions for certification.

14. With regard to actions brought pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.*, if the parties agree to resolve the action through cross-briefing, they shall jointly propose a deadline for each of the following:

a. Initial disclosures;

b. Completion of disclosure of materials (previously undisclosed) that either party contends should be considered as part of the record on review;

---

[2] The discovery deadline is the date by which the parties must complete all discovery. Accordingly, the parties must serve discovery requests and notice depositions sufficiently in advance of this date to ensure reasonable completion by the discovery deadline, including time to resolve discovery disputes. Absent extraordinary circumstances, the Court will not entertain discovery disputes after the discovery deadline.

c. Filing of the Administrative Record;

d. Filing of Plaintiff(s) Opening Brief;

e. Filing of Defendant(s) Response Brief;

f. Filing of Plaintiff(s) Reply Brief; and

g. Completion of Good Faith Settlement Talks.

15. Whether a jury trial has been requested and whether the request for a jury trial is contested (if the request is contested, briefly set forth the reasons);

16. The estimated length of trial and any suggestions for shortening the trial;

17. The prospects for settlement and any request of the Court for assistance in settlement efforts, such as a request that the Court refer the matter to another magistrate judge for a settlement conference; and

18. Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Rule 1 of the Federal Rules of Civil Procedure.

The parties shall file the Joint Case Management Report with the Clerk at least **SEVEN DAYS** before the Case Management Conference. It is the responsibility of Plaintiff(s) to initiate the Rule 26(f) meeting and preparation of the Joint Case Management Report. Defendant(s) shall promptly and cooperatively participate in the Rule 26(f) meeting and assist in preparation of the Joint Case Management Report.

C. Case Management Conference and Order

The Court directs the parties to Rule 16 of the Federal Rules of Civil Procedure for the objectives of the Case Management Conference. Counsel who will be responsible for trial of the lawsuit for each party shall appear and participate in the Case Management Conference and shall have authority to enter into stipulations regarding all matters that may be discussed. The Court will grant a continuance of the Case Management Conference only for good cause and will not grant a continuance beyond the time limit set forth in Rule 16(b) of the Federal Rules of Civil Procedure.

During or after the Case Management Conference, the Court will enter a Case

Management Order. The form of the Court's standard Case Management Order can be found on the Court's website at www.azd.uscourts.gov under Judges Information/Orders, Forms & Procedures. The Court will enforce the deadlines in the Case Management Order; the parties should plan accordingly.

D. Other Matters

The parties are expected to fully comply with the Federal Rules of Civil Procedure and Local Rules of Civil Procedure and to minimize the expense of discovery. The parties should ensure that all filings comply with Rules 7.1 and 7.2 of the Local Rules of Civil Procedure.

The Clerk of the Court shall send copies of this Order to all counsel of record and to any unrepresented parties.

Dated this 3rd day of November, 2026.

Honorable John Z. Boyle
United States Magistrate Judge